**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4639**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RONNIE EDWARD CUPP,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:13-cr-00022-NKM-11)

_____

Submitted: February 25, 2015     Decided: March 19, 2015

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Seth C. Weston, LAW OFFICE OF SETH C. WESTON, PLC, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Edward Cupp appeals his conviction and 204-month sentence imposed after a jury found him guilty of conspiracy to distribute and possess with the intent to distribute oxycodone, methadone, amphetamine, oxymorphone, hydromorphone or buprenorphine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Cupp's sole argument on appeal is that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. Finding no error, we affirm.

We review de novo the denial of a Rule 29 motion. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Jaensch, 665 F.3d at 93 (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and brackets omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United

2

States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

It is well settled that to convict Cupp of conspiracy to distribute and possess with the intent to distribute narcotics, the Government had to prove the following essential elements: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). We have reviewed the record and have considered Cupp's arguments and find no error in the district court's decision to deny Cupp's Rule 29 motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED